

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# Mwangi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mwangi v. Atty Gen USA" (2005). *2005 Decisions.* Paper 103.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/103

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 04-2894

PAULINE K. MWANGI,
                        Petitioner

v.

*ALBERTO R. GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,
                        Respondent

*(Substituted pursuant to Fed. R. App. Rule 43(c))

Petition for Review of the Order
of the Board of Immigration Appeals
(A95 369 734)

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2005

Before: SLOVITER, SMITH, and STAPLETON, Circuit Judges.

(Filed December 16, 2005)

OPINION

SLOVITER, <u>Circuit Judge</u>.

Pauline Mwangi ("Mwangi") seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming and adopting the decision of an Immigration Judge ("IJ") ordering her removal and denying her application for asylum, withholding of removal and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We have jurisdiction to review this decision under 8 U.S.C. § 1252. Because substantial evidence supports both the IJ's adverse credibility finding and the BIA's alternative finding of ineligibility for relief from removal, we will deny the Petition for Review.

Mwangi, a native and citizen of Kenya, entered the United States on September 17, 2001, as a non-immigrant visitor for pleasure with authorization to stay until March 4, 2002. She overstayed her visa and conceded removability but applied for asylum, withholding of removal and protection under the CAT.

Mwangi is married and cares for six children, two of whom are her late sister's. In 1999, Mwangi began assisting women who were victims of domestic violence by providing counseling and/or refuge at her home, and thereafter in a room in her church. She also became involved with other women's issues, including helping women with AIDS.

She claims she was persecuted by members of a political sect called the Mungiki, who oppose westernization and promote traditional, submissive roles for women. The

Mungiki threatened Mwangi and sent her a letter threatening to burn down her home. Members of the Mungiki tried to break into her house, but left after Mwangi and her neighbors started screaming. When she was walking home from work, she was accosted by two Mungiki men who threatened her life, held a knife to her and choked her. Thereafter, she was afraid to go out alone and suffered from nightmares.

Mwangi testified that she gave the police the written threat, but the police did nothing, even after she filed a written report following the attempted break-in. She did not report the assault to the police.

The Country Conditions Report from the State Department ("Country Report") confirms that domestic violence is a widespread problem in Kenya, but notes that the Kenyan government is attempting to control the Mungiki. The Report states:

> In 2000 President Moi was quoted widely in the press calling for action against the Mungiki cultural and political group, and police disrupted several of the group's meetings and marches during the year . . . . The Mungiki were protesting the alleged killing by police of one of their members; six persons reportedly were arrested and numerous persons were injured. During the year, authorities began allowing the Mungiki to hold public meetings without interference; however, in November the police initiated a crackdown and arrested several members of the group, including Mungiki leader Ibrahim Waruinge.

App. at 180 (internal citations omitted). Newspaper articles confirm that the Kenyan government is arresting Mungiki members and attempting to prevent them from harassing women.

The IJ found that Mwangi's testimony was generally credible, except as to "one crucial important point," which was the willingness of the police to assist her because

3

"[her testimony] is completely inconsistent with the <u>Country Reports</u>." App. at 44-45.

The IJ pointed specifically to the Country Report and newspaper articles which show

significant evidence that the government is taking real steps to curb the actions of the

Mungiki sect.

We can review the decision of the IJ along with that of the BIA, where, as in this

case, the BIA has expressly adopted the IJ's reasoning. <u>Abdulai v. Ashcroft</u>, 239 F.3d

542, 549 n.2 (3d Cir. 2001). We are limited to assessing whether the factual

determinations of adverse credibility and ineligibility for relief are supported by

"reasonable, substantial and probative evidence on the record." <u>Dia v. Ashcroft</u>, 353 F.3d

228, 248 (3d Cir. 2003) (en banc) (quoting <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481

(1992)); <u>Lie v. Ashcroft</u>, 396 F.3d 530, 534 (3d Cir. 2005) (quoting <u>Elias-Zacarias</u>, 502

U.S. at 481). This "substantial evidence" test requires "more than a mere scintilla" of

evidence, <u>Dia</u>, 353 F.3d at 248, but requires this court to uphold the IJ's finding unless

"the evidence not only supports" a contrary conclusion, "but compels it." <u>Elias-Zacarias</u>,

502 U.S. at 481 n.1 (emphasis omitted); <u>see also</u> 8 U.S.C. § 1252(b)(4)(B).

To qualify as a "refugee" who may receive asylum, an alien must establish that she

is unable or unwilling to return to his or her country of nationality "because of [past]

persecution or a well-founded fear of persecution on account of race, religion, nationality,

membership in a particular social group, or political opinion." <u>Elias-Zacarias</u>, 502 U.S. at

481 (1992).

4

To establish past persecution, an applicant must show: (1) an incident (or incidents) that constituted persecution; (2) that occurred on account of one of the statutorily protected grounds; and (3) that was (or were) committed by the government or forces the government is either unable or unwilling to control. Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004).

The threshold for establishing eligibility for withholding of removal and eligibility under the CAT is even higher than that for establishing entitlement to asylum. See Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)).

On appeal, Mwangi argues that the IJ erred in finding that she was not credible as to the willingness or ability of the police to assist her. Mwangi asserts that the Country Report corroborates her story insofar as it indicates that human rights abuses by the police are a continuing problem in Kenya and that violence against women is still prevalent. Further, Mwangi argues that because of these facts, "it seems very plausible that since Ms. Mwangi was a woman involved with helping battered women, women subject to FGM, women and children with AIDS and other controversial issues, that the police might have very well either undermined her plight or refused to help her." Appellant's Br. at 14.

The Government responds that Mwangi's explanation may be plausible, but it is not sufficient to compel a finding of credibility, especially where Mwangi provided no

5

corroborating evidence from the police about her case; moreover, the documentary evidence relied upon by the IJ supports a contrary finding. The IJ, relying on reports that the Kenyan government has arrested Mungiki members on various occasions, jailed them, and is "doing everything they can do humanly possible to stop [them]," App. at 47, determined that Mwangi failed to establish that the government is unable or unwilling to protect its citizens. As that is an essential element of a claim for asylum, the IJ denied Mwangi's request. That determination is supported by substantial evidence.

The BIA, in adopting and affirming the IJ's decision, held that, even were Mwangi to be found credible, substantial evidence supports the finding that her testimony did not carry her burden to establish that the Kenyan government is unable or unwilling to control the Mungiki and provide her with adequate protection. This holding was based upon the fact that when Mwangi reported the threat and the attempted break-in, the police took her reports and offered to respond if transportation could be provided. Id. The BIA continued that the fact that the police allegedly failed to take adequate action "does not sufficiently establish that the police were unwilling to help [her]." App. at 3. Further, despite the fact that Mwangi had never had any problems with the police, she did not report the attack, which was the most serious of the incidents. Finally, because she had received many threats and did not take them seriously until she was attacked, the police were not unreasonable in their response.

Mwangi's efforts to assist women who were abused by the Mungiki are

6

commendable, but there is insufficient evidence in the record for us to overturn the decisions of the IJ and the BIA that she failed to meet her burden of proof to establish eligibility for asylum. It follows that she does not qualify for withholding of removal.[1] We will therefore deny the petition for review.

---

[1] Mwangi makes no separate argument on appeal for relief under the CAT and this issue is therefore waived. See Wu v. Ashcroft, 393 F.3d 418, 423 n.6 (3d Cir. 2005). Even were the claim before us, it would fail because she cannot demonstrate that she was tortured at the acquiescence of the government.